**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOHN D. ONLEY,**

       **Petitioner,**

    **v.**                                 **Civil action no. 3:10cv15
Criminal action no. 3:06cr62
(Judge Bailey)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On March 12, 2010, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody with an attached memorandum in support. (Dkt.# 111). The Government filed its response on April 13, 2010. (Dkt.# 118). On May 5, 2010, petitioner filed a status motion, requesting an update and any response by the Government, as well as an extension of time in which to reply. (Dkt.# 119). On May 7, 2010, the Government responded, apologizing to the court, explaining that it had re-sent its response to petitioner, having inadvertently originally mailed to petitioner's former counsel, and indicating no objection to petitioner's request for an extension of time. (Dkt.# 121). Petitioner's request for an extension of time was granted by Order entered May 10, 2010. (Dkt.# 122). Petitioner replied on May 27, 2010. (Dkt.# 124).

**II. Procedural History**

**A. Conviction and Sentence**

On November 15, 2006, the petitioner was named in all four counts of a four-count indictment. Counts One - Three charged that the petitioner knowingly distributed 0.61 grams, 0.59 grams, and 1.64 grams of cocaine base (also known as "crack") respectively, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and Count Four charged that the petitioner possessed, with the intent to distribute, 11.85

grams of cocaine base (also known as "crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

After initially entering a "not guilty" plea to all four counts at his January 26, 2007 arraignment (Dkt.# 10), on April 19, 2007, petitioner filed a motion to change his plea, indicating his intent to enter a guilty plea as to only Count Four of the indictment. (Dkt.# 41). However, at a plea hearing on April 24, 2007, upon hearing that the Government was prepared to go forward with trial on Counts One - Three, petitioner pled guilty to all four counts of the indictment without benefit of a plea agreement. (Dkt.# 46 at 47 - 48). Thereafter, on June 18, 2007, he filed a motion to withdraw his guilty plea before sentencing. (Dkt.# 50). By Order entered on August 30, 2007, he was permitted to withdraw the pleas as to Counts One - Three only, but not as to Count Four. (Dkt.# 58). An Order affirming the order granting the withdrawal of the guilty plea for Counts One - Three and the denial as to Count Four was entered on February 8, 2008. (Dkt.# 62). On March 20, 2008, the defendant entered a plea of guilty to Counts One, Two and Three of the Indictment again, again without the benefit of a plea agreement. (Dkt.# 99 at 17 - 18). At sentencing on May 19, 2008, before being sentenced to 108 months concurrent imprisonment on each of the four counts, petitioner received an evidentiary hearing to determine the total amount of drug relevant conduct. (Dkt.# 96).

## B.  Direct Appeal

On May 21, 2008, petitioner filed a notice of appeal. (Dkt.# 84). On appeal, petitioner contended that the District Court

 1) ignored the "reasonableness" standard mandated under Gall v. U.S., 128 S. Ct. 586, 594-95 and 597 (2007);

2)  failed to fully consider the § 3553(a) factors; and

3) erred in denying him a reduction for acceptance of responsibility.

By unpublished *per curiam* opinion on March 17, 2009, the Fourth Circuit Court of Appeals affirmed the District Court's decision. (Dkt.# 100). On April 28, 2009, petitioner's petition for

rehearing and rehearing *en banc* was denied. (Dkt.# 103). Mandate issued on May 6, 2009. (Dkt.# 104). Petitioner did not petition for a writ of *certiorari*.

## C. Federal Habeas Corpus

### Petitioners' Contentions (Dkt.# 111)

In his federal habeas petition and supporting memorandum of law, petitioner raises one ground: whether, during the evidentiary hearing on the issue of relevant conduct at sentencing, before petitioner took the stand to contest the amount of drug relevant conduct attributed to him, counsel was ineffective for failing to advise him that if the testimony he gave falsely denied or frivolously contested his relevant conduct, he would not receive credit for acceptance of responsibility. He attaches an affidavit, not notarized, containing what he declares "pursuant to the penalty of perjury under the laws of the United States and pursuant to 28 U.S.C. § 1746"[1] to be the true facts regarding the events. (Dkt.# 111-2 at 1).

As relief, petitioner requests that his case be remanded for vacatur of the original 108-month sentence, so that a new sentence, reflecting credit for acceptance of responsibility, be entered. In the event that the Government's response includes an affidavit from defense counsel, denying petitioner's claims, petitioner requests an evidentiary hearing "to test the truth of his allegations." (Dkt.# 111-1 at 6).

### Government's Response (Dkt.# 118)

Petitioner's argument is without merit and is unsupported by the record. The record clearly demonstrates that throughout all petitioner's various pleas he objected to taking responsibility for any more crack cocaine than only that which was actually alleged in his indictment. Thus, his final attempt, at sentencing, to minimize his exposure to only what was alleged in the indictment is not

---

[1] Title 28 § 1746 defines unsworn declarations under penalty of perjury.

surprising.  Defense counsel had no choice but to permit him to take the witness stand; petitioner's mere objection to the amount of relevant conduct would not have been sufficient, because when a defendant contests information in a PSR, he has "an affirmative duty to make a showing that the information . . . is unreliable, and articulate the reasons why the facts contained therein are untrue or incorrect." U.S. v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).  Petitioner's motion should be denied and dismissed; he has proven neither ineffectiveness nor prejudice.  Even if petitioner had not testified but merely stood on his objection, he cannot show that the Court would have awarded the acceptance of responsibility reduction, because the Court could just as easily have considered his objection as frivolously contesting relevant conduct, and denied it anyway.

Although the Government did contact defense counsel to request a statement in response to petitioner's allegations, due to ethical considerations, counsel has declined to do so without a Court order compelling such a statement.

The Government believes that petitioner has failed to demonstrate the necessity for an evidentiary hearing, and given his history of false statements under oath with the Court, his accusation against counsel is completely unreliable.  However, if the Court believes an evidentiary hearing is necessary, the Government would request that it be scheduled.

### Petitioner's Reply (Dkt.# 124)

Petitioner reiterates the claim made in his petition.  He asserts that because the Government did not provide a "counter-affidavit" from defense counsel refuting his claim, "the allegations herein stand as true and the Government has acquiesced to the allegations herein."  He contends that his petition should be granted and he should be remanded for resentencing with the application of the reduction for acceptance of responsibility.  In the alternative, he "agrees with the Government that an evidentiary hearing be scheduled at the Court's convenience."  (Dkt.# 124 at 1).

# III. ANALYSIS

## A. Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. U.S.A., 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

## B. Ineffective Assistance of Counsel

**Ground One - Whether, at Sentencing, Counsel was Ineffective During the Evidentiary Hearing on Petitioner's Relevant Conduct for Failing to Advise him Before he Took the Stand That if his Testimony Falsely Denied or Frivolously Contested his Relevant Conduct, he Would Not Receive Credit for Acceptance of Responsibility.**

Petitioner contends that during the evidentiary hearing that took place during sentencing, before he took the stand to contest the amount of drug relevant conduct to be considered in his sentencing, counsel was ineffective for failing to advise him of the potential for adverse consequences, should the later court conclude he testified falsely or frivolously contested his relevant conduct.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show

that the deficient performance prejudiced the defense.  Id. at 687.  In order to satisfy the prejudice

requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart

v. Fretwell, 506 U.S. 364 (1993).

A Court must indulge a strong  presumption that counsel's conduct falls within the wide

range of reasonably professional assistance.  Strickland 466 U.S. at 689-90.  Moreover, there are no

absolute rules in determining what is reasonable performance.  See Hunt v. Nuth, 57 F.3d 1327,

1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the

time of counsel's conduct).

Here, petitioner argues that counsel never advised him that if he testified falsely, or frivolously

contested the amount of drug relevant conduct, or "acted in a manner inconsistent with acceptance of

responsibility," he might lose his sentencing reduction adjustment for acceptance of responsibility.  He

contends that if had been so advised, "he would not have testified in regards to his own drug relevant

conduct."  (Dkt.# 111-1 at 2).   He asserts that counsel's ineffectiveness seriously prejudiced him by

causing his sentence to be 30 months longer than it otherwise would have been.

A review of the record reveals that at petitioner's first plea hearing on April 24, 2007, when

represented by prior counsel,[2] after the Government indicated it planned to go to trial on Counts One -

Three even if petitioner did plead to Count Four, much discussion was had regarding the issue of

frivolous contesting or false testimony regarding the amount of drug relevant conduct:

MS. GIGGENBACH: I can go ahead and advise the Court that my client and I have had

---

[2] Petitioner was first represented by Kevin D. Mills & Associates, and appeared at the first plea hearing on April 24, 2007 represented by Betsy Giggenbach, Esq. of that firm.  On June 7, 2007, Kevin Mills filed a motion to withdraw as counsel, attaching as an exhibit a June 1, 2007 letter from petitioner, advising that he no longer wished Mills to continue as his counsel.  (Dkt.# 47).  On June 8, 2007, Sherman Lambert, Sr. entered an appearance on behalf of petitioner.  (Dkt.# 48).  Mills' motion to withdraw was granted by Order entered June 11, 2007.  (Dkt.# 49).

extensive discussions, and in consideration of what has just occurred, he will be changing his plea to guilty on all counts.

THE COURT: On all counts?

MS. GIGGENBACH: And accepting responsibility for those amounts of relevant conduct listed in the indictment.

THE COURT: All right. So this is going to be an entry of a plea to the indictment, and then for purposes of issues relating to sentencing, Mr. Mucklow, what does the Government foresee?

MR. MUCKLOW: **With regard to sentencing issues, Your Honor, it looks like it is a relevant conduct fight**.

THE COURT: **Okay.**

MR. MUCKLOW: **That's what this appears to be about**.

THE COURT: Okay, is there any other kind of issue, either by way of enhancement or Chapter 4 enhancement or adjustment or any other possibility, such as a gun issue, that could affect sentencing range besides relevant conduct?

MR. MUCKLOW: **Your Honor, nothing with regard to enhancements. Only, of course, issues of acceptance of responsibility, and possible - - acceptance of responsibility, it looks like it would be an issue. If the defendant would** - -

THE COURT: All right.

MR. MUCKLOW: I'm sorry?

THE COURT: Go ahead.

MR. MUCKLOW: **If the defendant would frivolously deny the relevant conduct, I think we would be in a position to argue that**.

THE COURT: **On the first two levels of acceptance?**

MR. MUCKLOW: **Yes, Your Honor. If the defendant would, in our opinion, if the defendant would frivolously - -**

THE COURT: **The emphasis on frivolously**?

MR. MUCKLOW: **Fight the relevant conduct - - .**

THE COURT: I mean - - .

MR. MUCKLOW: - - Then we don't believe - -

THE COURT: There's no - - .

MR. MUCKLOW: I'll let the Court.

THE COURT: **Go ahead. Well, I'm just trying to think through. It seems to me if he accepts responsibility, or argues that he has accepted responsibility, for the counts of conviction, and he doesn't frivolously deny relevant conduct, but there is a legitimate dispute over the amounts of relevant conduct found by the Probation Officer, that would not foreclose acceptance**.

MR. MUCKLOW: **If that's the way it plays out, Your Honor, yes, I would agree.**

THE COURT: Okay. **All right, Ms. Giggenbach, have you discussed that with Mr. Onley?**

MS. GIGGENBACH: **Your Honor, we have. We have had extensive discussions in the office with Mr. Onley on all of these matters.**

(Dkt.# 46 at 5- 7) (emphasis added).

The Court then advised petitioner that he was under oath, and that if he answered any questions during the hearing falsely, that he could be prosecuted for perjury or false statement. Petitioner indicated his understanding. (Id. at 8). After discussion of his criminal history, this exchange was had:

THE COURT: . . . **Mr. Onley, I just want to go through this with you, and if you were to receive a two-level reduction for acceptance, which the Government has indicated it may contest if you frivolously deny certain amounts of relevant conduct, under the Guidelines you would be at a Level 32. And if the Government - - if the case goes the Government's way, you would be at a 32, or a 34, because if they are going to argue about acceptance of responsibility, and you didn't get it, you could be at a 34. And I just want to make sure that you and Mr. Mills actually talked about what the length of sentence could be at those Guideline levels**.

THE DEFENDANT: **Yes, I understand everything, Your Honor**.

(Id. at 28 - 29) (emphasis added).

The Court later went on to emphasize the issue:

THE COURT: **Now, furthermore, on this issue of acceptance of responsibility, because the Government has preserved the right to assert that it may challenge your estimates of relevant conduct, you need to understand that I'm going to have**

**to make that decision after hearing testimony from both sides. And depending on whether or not I think you have been forthcoming about the amount of drug weight in your case, that will determine - - that decision will determine whether you receive the two-level reduction for acceptance of responsibility. Do you understand that**?

THE DEFENDANT: **Yes, ma'am, Your Honor**.

(<u>Id</u>. at 34) (emphasis added).

After advising petitioner of the civil rights he would be giving up by pleading, the Court advised petitioner thus:

THE COURT: . . . You're going to have to admit to your guilt. **And while you don't have to admit to all the relevant conduct that the Government is suggesting you're responsible for, you're not going to be able to deny frivolously amounts of relevant conduct or dug weight and be able to receive acceptance of responsibility. Do you understand that?**

THE DEFENDANT: **Yes, ma'am, Your Honor.**

(<u>Id</u>. at 38 - 39) (emphasis added).

At the end of that hearing, after petitioner entered his pleas, the Court advised him that if there were "any issues relating to disputed relevant conduct, we'll have an evidentiary hearing before I sentence you." (<u>Id</u>. at 51). Almost two months later, then represented by new counsel,[3] petitioner filed his motion to withdraw his pleas as to Counts One - Three. After finally prevailing on that motion as to Counts One - Three, six weeks later and just eight days before trial, on March 17, 2008 petitioner filed a notice of change of plea, indicating that he intended to (re)plead guilty to Counts One - Three, and requesting an evidentiary hearing on the relevant conduct issue. (Dkt.# 70). At a second plea hearing on March 20, 2008, this exchange was had:

THE COURT: **And do you understand that under a concept known as relevant conduct, the sentencing Court may take into account any conduct, circumstances or injuries relevant to the crimes to which you may be convicted**?

THE DEFENDANT: **Yes, Your Honor**.

---

[3] Petitioner was then represented by Sherman Lambert, against whom he now alleges ineffective assistance.

(Dkt.# 99 at 10).

Of note, after entering his plea, when asked about the quality of representation his attorney had provided, petitioner testified that his counsel had represented him well, and denied that he had done anything he thought he shouldn't have, or failed to do anything petitioner thought he should have. (Id. at 19).

One month later, on April 17, 2008, the PreSentence Investigation Report ("PSR") was disclosed to the parties. (Dkt.# 83 at 1). Paragraph 36 of the PSR is titled "Adjustment for Acceptance of Responsibility." It reads:

> 36. Based on the defendant's cooperative posture with the United States Attorney's Office, his plea of guilty, and his written statement, the Probation Officer recommends a downward adjustment, pursuant to U.S.S.G. § 3E1.1. **However, should the defendant falsely deny or frivolously contest any additional relevant conduct, the Probation Officer would have to recommend the loss of Acceptance of Responsibility**.

(Dkt.# 83, ¶ 36 at 12) (emphasis added).

The PSR further explained that pursuant to U.S.S.G. § 3E1.1(a), petitioner could potentially earn a two-level downward adjustment of his base offense level for acceptance of responsibility, plus a further potential one-level reduction pursuant to U.S.S.G. § 3E1.1(b), upon the motion of the Government at sentencing. (Id., ¶ 46 at 13).

At the beginning of the May 19, 2008, evidentiary and sentencing hearing, the Court advised petitioner "Mr. Onley, I'll remind you that you have now been placed under oath, and that if you make any untruthful answers, those answers may form the basis for a separate action for perjury or false swearing." (Dkt.# 96 at 4). At the outset, as well as later in the hearing, petitioner twice admitted that he had received the PSR and reviewed it with his attorney. (Id. at 5 and 22).[4] Before beginning, when

---

[4] Even if he had not admitted having reviewed the PSR, it was clear that he had gone over it in detail with counsel, because he requested the evidentiary hearing for the specific purpose of contesting the all of the drug relevant conduct set forth in it, detailed on its pages 6 - 11.

asked by the Court if any issues were disputed, the Government advised that its own figures on the relevant conduct calculation would put petitioner two levels higher than the probation office's figures, but that in the interest of going forward, it was not going to object. (Id. at 5). Petitioner then took the stand, and under oath, adamantly and repeatedly denied responsibility for any of the drug relevant conduct. He avoided and evaded giving direct answers; claimed he had no recollection of where he obtained the drugs or who he sold to; maintained he had no intent to distribute; and insisted that at least half of the drugs charged in the indictment were for his own personal use. He continuously claimed that he was only responsible for the 14.85 grams of drug specifically set forth in the indictment. (Id. at 8 - 26). After the probation officer testified, the Government's witness Sheffler testified in extensive detail about his frequent drug purchases from petitioner dating back to the mid-1990s. (Id. at 39 - 56). At the conclusion of his testimony, the Court announced its finding:

> THE COURT: **With regard to the relevant conduct in this case, the Court will adopt the 69.0225 grams as found by the Probation Officer. I find that the defendant's testimony concerning the relevant conduct is patently incredible, and will discount that completely. I do find Mr. Sheffler's testimony to be credible and sufficient by preponderance of the evidence to establish the relevant conduct**.

(Id. at 56) (emphasis added).

Despite its finding, the Court sentenced petitioner to the lowest end of the guideline range: 108 months, declining to find obstruction of justice as suggested by the Government, but refusing to grant acceptance of responsibility "due to what I have found to be untruthful testimony." (Id. at 67).

It is abundantly clear from the record that not only was petitioner repeatedly and clearly advised in no uncertain terms about the risks of providing false or frivolous testimony about his drug relevant conduct, not only by previous counsel, the Court, and his own reading of the PSR, but that petitioner also twice admitted under oath at sentencing that counsel had in fact reviewed the PSR with him in detail - including, presumably, paragraph 36, the paragraph that specifically described the consequences for

11

falsely denying or frivolously contesting any additional relevant conduct: the loss of the two-level downward adjustment, pursuant to U.S.S.G. § 3E1.1. As the Fourth Circuit Court of Appeals opined in petitioner's appellate opinion, "a defendant who falsely denies or frivolously contests his relevant conduct has acted in a manner inconsistent with acceptance of responsibility." (Dkt.# 100 at 4) (internal quotations omitted).

It would appear that once again, petitioner is not telling the truth. Because this claim has no absolutely support in fact or law, petitioner has failed in his burden under <u>Strickland</u> and relief should be denied.

## IV. <u>RECOMMENDATION</u>

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 111) and **DISMISSING this case with prejudice.**

Therefore, Petitioner's request that his case be remanded for vacatur of the original sentence, so that a new sentence, reflecting credit for acceptance of responsibility, be entered, and his request for an evidentiary hearing should be both **DENIED** as moot.

Within **fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: May 13, 2011.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE